```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

LEONARD MOLTON,                )
                               )
          Petitioner,          )
                               )
     v.                        )   CIVIL ACTION No.
                               )   13-12397-NMG
                               )
JEFF GRONDOLSKY-WARDEN,        )
                               )
          Respondent.          )

## MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court denies petitioner's pending motions and dismisses the petition for writ of habeas corpus.

**A. Background**

On September 23, 2013, Leonard Moton ("Moton"), now detained at FMC Devens pending a hearing on the government's motion to civilly commit him pursuant to 18 U.S.C. § 4246, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Moton challenges the civil commitment proceedings commenced by the government pursuant to 18 U.S.C § 4246 less than a week before Moton's anticipated release date.[1]  See United States v. Moton,

---

[1] Upon receipt of a § 4246(a) dangerousness certification, the district court must conduct a hearing to determine whether the defendant "[i]s presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." Id. A dangerousness certificate stays the defendant's release pending completion of procedures contained in 18 U.S.C. § 4246(a). Id. After a dangerousness hearing is conducted and, upon a clear and convincing finding the defendant is too dangerous to be released, the defendant is

C.A. No. 12-12241-IT (pending). Moton contends that the government's claims of his dangerousness are false and alleges that his constitutional rights have been violated.

Moton makes numerous allegations related to the legal premise that the civil commitment statute is unconstitutional. He complains that he was not allowed to present any witnesses or evidence at any hearing for civil commitment and that inadmissible evidence was presented against him at this hearing. Among other things, Moton seeks immediate release as well as declaratory relief recognizing that there is a danger that respondent and others will engage in acts of retaliation.

At the time of filing, this action was assigned to Magistrate Judge Boal pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Moton's motion for leave to proceed in forma pauperis was granted and the petition was served by the clerk. Because a party did not consent to magistrate judge jurisdiction, this action was reassigned to the undersigned. See Docket No. 10, 02/03/14 Electronic Notice of Reassignment.

On January 9, 2014, Moton filed a motion for summary judgment seeking immediate release. See Docket No. 9. On January 28, 2014, the government filed an opposition to the

---

subject to indefinite commitment under 18 U.S.C. § 4246. See 18 U.S.C. § 4246(a), (d).

petition for writ of habeas corpus. See Docket No. 8. On February 6, 2014, Moton moved to strike the government's response. See Docket No. 11. On April 3, 2014, Moton filed a motion for new appointed counsel. See Docket No. 14.

**B. Discussion**

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Timms v. Johns, 647 F.3d 545, 530 (4th Cir. 2010)(citing Munaf v. Geren, 553 U.S. 674, 693, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) (citation and internal quotation marks omitted)). "The principle that a habeas court is not bound in every case to issue the writ follows from the precatory language of the habeas statute, and from its common-law origins." Munaf, 553 U.S. at 693, 128 S.Ct. 2207 (internal quotation marks and citation omitted).

As noted by the government, the Supreme Court held that civil commitment was constitutional under the Necessary and Proper Clause. See United States v. Comstock, 560 U.S. 126 (2010). However, it is clear that Congress specifically dictated that "[n]othing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections

3

from establishing by writ of habeas corpus the illegality of his detention." See 18 U.S.C. § 4247(g). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriquez, 411 U.S. 475, 484 (1973).

However, a federal pretrial detainee must first exhaust other available remedies to be eligible for habeas corpus relief under Section 2241. See, e.g., Jones v. Perkins, 245 U.S. 390, 391 (1918) ("in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus not be granted in advance of a trial."); Fassler v. United States, 858 F.2d 1016, 1018-1019 (5th Cir. 1988)(there is potential for abuse of the writ and unnecessary duplication of appeals when a defendants challenge to pretrial detention could have ben handled by review under § 3145); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987) (§ 2241 challenge to challenge pretrial detention order inappropriate when it can be challenged under 18 U.S.C. § 3145); Kotmair v. United States, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001) ("Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is with the trial court.").

Here, the Court concludes that Moton's claims are premature.

The Court's records indicate that Moton's civil commitment proceeding is ready for a hearing on the petition.  See United States v. Moton, C.A. No. 12-12241-IT (pending).  Last month, the civil commitment matter was reassigned to Judge Talwani upon her appointment to the federal bench.  Id.

**C. Conclusion**

Accordingly, it is hereby ORDERED that Moton's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED for the reasons set forth in the government's opposition and this action is DISMISSED.  The Clerk shall terminate the pending motions and enter a separate order of dismissal.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 31, 2014